IN THE DISTRICT COURT OF PONTOTOC COUNTY
STATE OF OKLAHOMA

AMANDA T. MERICLE, )
)
        Plaintiff, )
vs. )
) Case No.: CJ-2021- 17
)
RIVERSIDE TRANSPORTATION, INC., and )
TYRONE ALLEN, Individually, )
)
        Defendants. )

FILED FEB - 2 2021

Comes Now Amanda T. Mericle, the Plaintiff, by and through her counsel of record, James R. Neal and Joshua A. Edwards of the Law Offices of James R. Neal, PLLC, and for Mrs. Mericle's causes of action against Defendants Riverside Transportation, Inc., and Tyrone Allen, she respectfully shows the Court as follows, to wit:

## VENUE AND JURISDICTION

1. Amanda T. Mericle is a resident of Pontotoc County, State of Oklahoma.

2. All actions complained of in this Petition occurred in Pontotoc County, State of Oklahoma. Venue and jurisdiction are proper before this Court.

3. Defendant Tyrone Allen is, upon information and belief, a resident of the state of Texas.

4. Defendant Riverside Transportation, Inc. (hereinafter, Riverside) is an interstate commercial carrier registered at 2827 West State Rd 66 in Rockport, Indiana, where service of process may be had upon Riverside.

## STATEMENT OF FACTS:

Mrs. Mericle incorporates all allegations made in the preceding paragraphs of this Petition, as though those allegations were set forth in detail in the following paragraphs.


EXHIBIT 2

5. On the 9th day of May, 2019, Defendant Riverside dispatched Tyrone Allen to the Flex-N-Gate facility in Ada, Oklahoma.

6. While in route from the Flex-N-Gate facility to his next destination, Defendant Tyrone Allen was operating Riverside's commercial semi-tractor trailer while intoxicated, driving under the influence of marijuana and/or other intoxicating substances.

7. As a result of his intoxication and associated distracted driving, Defendant Allen failed to observe a red traffic light, failed to stop, and drove his semi-tractor trailer rig into the rear of Amanda Mericle's stopped vehicle.

8. During the investigation of the collision, Defendant Allen admitted to law enforcement that he had smoked marijuana earlier in the day and was subsequently arrested for driving under the influence of drugs.

9. Defendant Allen injured Mrs. Mericle when he drove his semi-tractor trailer into her vehicle, causing Mrs. Mericle physical, mental, economic, and other damages, as a direct result of his violations of basic safety rules and the reasonable driving standards codified in the Oklahoma Rules of the Road and the Federal Motor Carrier Safety Administration Rules and Regulations.

## FIRST CAUSE OF ACTION- RIVERSIDE TRANSPORTATION, INC.

Mrs. Mericle incorporates all allegations made in the preceding paragraphs of this Petition, as though those allegations were set forth in detail in the following paragraphs.

10. Defendant Riverside owned and directed the use of the tractor-trailer Defendant Allen was driving at the time he drove Riverside's semi into Mrs. Mericle's vehicle.

11. Riverside's 2016 Freightliner Semi is a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

12. Defendants Riverside and Allen were subject to reasonable driving standards for professional commercial drivers contained in the Federal Motor Carrier Safety Regulations, codified in 49 C.F.R §§390.1-396.25. These regulations and the driving standards they provide are intended to protect the safety of the foreseeable driving public.

13. As owner or controller of the semi-tractor, Defendant Riverside owed a duty to the driving public to ensure its drivers operated their commercial vehicle in compliance with the State and Federal professional driving standards, contained in the Federal Motor Carrier Safety Regulations, codified in 49 C.F.R §§390.1-396.25.

14. Further, Defendant Riverside owed a duty to the driving public to keep full and accurate records of the activities of its driver and tractor trailer; to supervise, train, and drug test all its drivers; to ensure all its drivers and driving teams are fully qualified and able to safely drive Riverside's commercial trucks; and to comply with all Federal Motor Carrier Safety Regulations, as required through the Federal Motor Carrier Safety Administration.

15. Defendant Riverside also owed a duty to the driving public to train it employees, drivers, and the driving teams it placed on the nation's highways, to identify, stop, and report impaired drivers; particularly those Riverside drivers Riverside knew, or should have known, were driving impaired.

16. Riverside failed to exercise reasonable care to verify it put qualified, safe drivers and driving teams on the public road. Riverside failed to use ordinary care to avoid lending and/or providing a semi-tractor and/or trailer to Defendant Allen, when Riverside knew, or reasonably should have known under the circumstances, Defendant Allen was intoxicated, reckless, a danger to the driving public, and incompetent to transport the load Riverside directed Allen to transport.

17. Further, Riverside failed to adequately supervise and/or monitor its drivers in

order to prevent intoxicated drivers from operating its commercial vehicles.

18. Riverside further failed to train its employees to identify and/or prevent impaired driving, in order to ensure the safety of the driving public and Riverside's compliance with relevant state and federal standards of care for professional drivers.

19. Riverside's acts and omissions, as described in the preceding paragraph, constitute independent acts and omissions of negligence on the part of Defendant Riverside.

20. Defendants' individual and concurring acts and omissions, as previously described, were the sole, direct, and proximate cause of injury to Mrs. Mericle. As a direct result of Riverside's acts and omissions, Mrs. Mericle incurred bodily injuries; pain and suffering of body and mind; the discomfort and pain of medical treatment and surgery; scarring and disfigurement from surgical intervention; incurred economic loss; mental and emotional anxiety and stress; the loss of the enjoyment of life; and will more probably than not incur expenses for future medical treatment; will more probably than not incur further pain and suffering of body and mind and future emotional stress and loss of enjoyment of life as a result of the progression of her injuries over the course of her life.

21. Defendant Riverside and its employees damaged Mrs. Mericle in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## SECOND CAUSE OF ACTION: DEFENDANT ALLEN

Mrs. Mericle again incorporates all allegations made in the preceding paragraphs of this Petition, as though those allegations were set forth in detail in the following paragraphs.

22. Defendant Allen owed a duty to Mrs. Mericle, and all other members of the driving public who might foreseeably be on a State Highway or public road, to operate the commercial vehicle Riverside entrusted to Defendant Allen in compliance with the State and

Federal professional driving standards, contained in the Oklahoma Rules of the Road and the Federal Motor Carrier Safety Regulations, codified in 49 C.F.R §§390.1 *et seq*.

23.  In particular, Defendant Allen owed a duty to the all reasonably foreseeable drivers to drive sober; keep a proper watch for traffic signals; exercise reasonable care in the operation of his commercial vehicle; operate his commercial vehicle at reasonable and safe speeds to allow for safe stopping; and comply with all relevant Federal Motor Carrier Safety Regulations, found at 49 C.F.R. §§392.1 *et seq*, which are designed to protect members of the traveling public, including Mrs. Mericle, from unnecessary injury and harm.

24.  Defendant Allen's violations of the reasonable driving standards found in the Oklahoma Rules of the Road, 47 O.S. §11-102 *et seq*, and in the Federal Motor Carrier Safety Regulations, 49 C.F.R §§392.1 *et seq*, were the direct and proximate cause of Mrs. Mericle's injuries, harms and losses.

25.  Defendant Allen was negligent per se.

26.  Defendant Allen operated his commercial vehicle while under the influence of intoxicants, failed to operate his commercial vehicle at a reasonable and safe speed for stopping, failed to observe and obey traffic signals, and failed to drive at the minimum standard for a reasonable, professional driver of a commercial motor vehicle.

27.  As a result of Defendant Allen's violations of the standards for reasonably prudent drivers, as set forth in the Oklahoma Rules of the Road and the Federal Motor Carrier Safety Regulations, Amanda T. Mericle incurred bodily injuries; pain and suffering of body and mind; the discomfort and pain of medical treatment and surgery; scarring and disfigurement associated with her surgical procedure; incurred economic loss; mental and emotional anxiety and stress; the loss of the enjoyment of life; and will more probably than not incur expenses for future medical treatment; will more probably than not incur further pain and suffering of body and mind and future emotional stress and

loss of enjoyment of life as a result of the progression of her injuries over the course of her life.

28. Defendant Allen damaged Mrs. Mericle in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR

Mrs. Mericle again incorporates all allegations made in the preceding paragraphs of this Petition, as though those allegations were set forth in detail in the following paragraphs.

29. Defendant Allen was engaged in the work of a professional commercial motor carrier at the time he drove his commercial tractor trailer into the rear of Mrs. Mericle's vehicle.

30. Defendant Allen was engaged in the activity Riverside had assigned to him, or Allen was doing that which is usual and necessary to accomplish the work Riverside assigned to him, at the time he drove his semi into the back of Mrs. Mericle's vehicle.

31. Accordingly, Defendant Allen's acts and omissions are the acts or omissions of Defendant Riverside.

32. As a result of Defendants' Allen and Riverside's actions, one and both of them, Mrs. Mericle incurred the damages described above, in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

## FOURTH CAUSE OF ACTION: PUNITIVE DAMAGES

Mrs. Mericle again incorporates all allegations made in the preceding paragraphs of this Petition, as though those allegations were set forth in detail in the following paragraphs.

33. When Defendant Riverside placed an impaired driver behind the wheel of its commercial motor vehicle, it acted in reckless disregard of the rights of others, acting wrongfully and without just cause or excuse.

34. When Riverside allowed an impaired driver behind the wheel of its commercial motor vehicle, it acted in reckless disregard of the rights of others, acting wrongfully and without just cause or excuse.

35. When Defendant Allen decided to drive Riverside's commercial motor vehicle while impaired and under the influence of intoxicating substances, Defendant Allen acted in reckless disregard of the rights of others, acting wrongfully and without just cause or excuse.

36. Defendants, one and all, were either aware, or did not care, that there was a substantial and unnecessary risk their conduct would cause serious, predictable, and preventable injury to others. Further, Defendants Riverside and Allen knew there was a high probability that their conduct would cause serious harm or death to other drivers.

37. As a result of the Defendants' reckless and inexcusable conduct, which amounted to intentional disregard for the rights of others, the jury in this matter should give damages for the sake of example and by way of punishing the Defendants, in order to ensure the safety of the community and deter future conduct of a similar nature.

WHEREFORE, Plaintiff, Amanda T. Mericle, prays judgment against Defendants Riverside Transportation, Inc., and Tyrone Allen, one and all of them, in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, together with post and pre-judgment interest, as may be provided for by law, costs, a reasonable attorney's fee and any such other and further relief as the Court may, in law or in equity, deem reasonable and proper.

Respectfully submitted this ___ day of February 2021.

By: The Law Offices of James R. Neal, P.L.L.C

**ATTORNEY LIEN CLAIMED**

/s/ James R. Neal

James R. Neal, OBA # 17109
Joshua A. Edwards, OBA# 30069
Attorneys for Plaintiff
PO Box 1628
Ada, OK. 74821-1628
Telephone:   (580) 332-5579
Fax:         (580) 421-9599